**CRESCENTWOOD VILLAGE, INC.,**
**Plaintiff and Appellee,**

v.

**June JOHNSON, Defendant**
**and Appellant.**

No. 950128–CA.

Court of Appeals of Utah.

Dec. 29, 1995.

John T. Anderson, Anderson & Karrenberg, Salt Lake City, for Appellant.

James R. Boud, Murray, for Appellee.

Before ORME, P.J., and BILLINGS and JACKSON, JJ.

## OPINION

JACKSON, Judge:

June Johnson challenges the trial court's ruling that Crescentwood Village, Inc. (CVI) properly terminated Johnson's lease for a mobile home space. Specifically, Johnson asserts CVI's termination notice was not adequate because it did not provide a new date within which to cure violations of her lease. We have determined "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument," Utah R.App.P. 29(a)(3), and we affirm.

## FACTS

Johnson entered into a lease agreement with CVI for a mobile home space on July 1, 1992. The lease agreement included an attachment listing all the rules and regulations of the mobile home park. Additionally, the lease contained a nonwaiver clause that stated, "No failure of [CVI] to enforce any term hereof shall be deemed a waiver."

Over a period of four years, Johnson violated many park rules, and CVI and its predecessor requested that Johnson cure the violations. During this time, the mobile home park worked with Johnson and encouraged her to abide by the rules and regulations.

Eventually, on May 6, 1993, CVI served Johnson with a fifteen-day eviction notice for rule violations. That notice required Johnson to cure three violations if she were to avoid eviction. The notice also advised Johnson that future violations of these or other rules would constitute grounds for terminating her lease without further notice or opportunity to cure.

After receiving the eviction notice, Johnson timely cured the unlicensed vehicle violation and the mobile home painting violation. Johnson also substantially cured the violation related to keeping her lot neat, clean, and weed free, removing most, but not all, the garbage and weeds. After the fifteen-day notice expired, Johnson reverted to violations of the park rules set forth in the notice by allowing significant growth of weeds, and new accumulation of garbage and other objects. In addition, on several occasions Johnson violated a separate park rule relating to the curfew for her minor son.

After the expiration of the original eviction notice, and due to her continued violations, CVI provided Johnson with two verbal warnings. CVI also made Johnson aware of additional garbage containers it had provided to assist her in cleaning the lot. After the warnings, Johnson did nothing to correct the violations. CVI finally served her with written notice of lease termination on August 3, 1993, more than sixty days from the expiration of the May 5, 1993 notice.

CVI subsequently brought suit under the Utah Mobile Home Park Residency Act to terminate Johnson's interest in the lease agreement and dispossess Johnson of the property for her failure to cure her violations of the park rules. The matter was heard in a bench trial on November 2, 1994. The trial court found for CVI and entered a money judgment against Johnson. Johnson now appeals.

## MOBILE HOME PARK RESIDENCY STATUTE

Johnson's appeal presents a single dispositive issue for our review: whether the trial court correctly concluded CVI's notice to Johnson and its eviction proceedings were legally sufficient and consistent with both the lease agreement and the mobile home park residency statute. *See* Utah Code Ann. §§ 57–16–1 to –15.1 (1994 & Supp.1995).

■ The facts surrounding the language and delivery of the notice are not in dispute. Thus, the question of whether CVI's notice was consistent with the statute is one of statutory interpretation. The trial court's interpretation of a statute is a question of law that we review for correctness. *See Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 452 (Utah 1993); *see also State v. Pena*, 869 P.2d 932, 936 (Utah 1994) (articulating standards of appellate review for questions of law).

■ Johnson argues CVI's failure to provide her with notice that it would require

strict performance after not strictly enforcing the original fifteen-day cure period violated Utah law. In other words, Johnson claims that CVI waived its right to strict compliance by allowing the original cure period to lapse. CVI contends the notices to Johnson were legally sufficient and that no waiver of CVI's rights under the lease resulted from its actions. ·

The Utah State Legislature has provided owners of mobile home parks with speedy remedies against tenants who abuse terms of their leaseholds. *See* Utah Code Ann. § 57–16–2 (1994). The mobile home park residency statute provides:

An agreement for the lease of mobile home space in a mobile home park may be terminated during its term by mutual agreement or for any one or more of the following causes:

(1) failure of a resident to comply with a mobile home park rule for a period of 15 days after receipt of notice of noncompliance from the mobile home park;

(2) *repeated failure of a resident to abide by a mobile home park rule, if the original notice of noncompliance states that another violation of the same or a different rule might result in forfeiture without any further period of cure;*

(3) behavior by a resident which substantially endangers the security and health of the other residents or threatens the property in the park;

(4) nonpayment of rent, fees, or service charges;

(5) a change in the land use or condemnation of the mobile home park or any part of it.

*Id.* § 57–16–5 (emphasis added).

█ The statute allows forfeiture without any additional cure period and thus abrogates the general rule that landlords must give sufficient notice to lessees of their intent to insist upon strict compliance with lease terms where such compliance has not been required in the past. *See, e.g., Grow v. Marwick Dev., Inc.,* 621 P.2d 1249, 1251–52 (Utah 1980) (observing promisee's temporary waiver of default can lead promisor to expect strict compliance is not required, estopping promisee from effecting forfeiture of promisor's interest); *Adair v. Bracken,* 745 P.2d 849, 852 (Utah App.1987) (observing Utah law disfavors forfeiture where promisee has misled promisor into thinking forfeiture will not be strictly enforced). Because the mobile home park residency statute preempts this common law doctrine, CVI's notice to Johnson was legally sufficient notwithstanding the absence of further written notice.

Subsection two of the statute forecloses Johnson's waiver argument by providing for termination of a lease for "repeated failure of a resident to abide by a mobile home park rule, if the original notice of noncompliance states that another violation of the same or a different rule might result in forfeiture without any further period of cure." Utah Code Ann. § 57–16–5(2) (1994). Therefore, leases for mobile home park spaces may be terminated without any additional cure period if the original notice of noncompliance includes language to that effect.

CVI's notice to Johnson stated she was in violation of several park rules. In addition, the notice in accordance with the statute provided that "should [Johnson] in the future again violate the above rules or a different rule of the park, this will result in forfeiture of your lease and eviction without any further period of cure." The notice also stated another violation of the same or different lease terms would result in termination in accordance with section 57–16–5(2) of the Utah Code. Accordingly, when Johnson continued to violate the park rules, CVI was entitled to proceed with forfeiture without a further cure period.

In sum, the statute grants mobile home park landlords considerable authority to evict tenants for continued park violations after a noncompliance notice has been given and subsequently violated. The trial court correctly ruled CVI had complied with the statute in its eviction proceeding against Johnson.

## CONCLUSION

We hold CVI's notices to Johnson were consistent with the mobile home park residency statute. The trial court correctly con-

cluded the lease agreement between CVI and Johnson was properly terminated. Accordingly, we affirm the trial court's order and its entry of judgment against Johnson.

ORME, P.J., and BILLINGS, J., concur.